UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-219-GFVT

STEVE RAY MEEKS                                                                                      PLAINTIFF

VS:                          **<u>MEMORANDUM OPINION AND ORDER</u>**

MARTIN COUNTY, KENTUCKY                                                                DEFENDANT

 

 

The plaintiff, Steve Ray Meeks, who is confined in the United States Penitentiary McCreary ("USP-McCreary) in Pine Knot, Kentucky, has submitted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. §1983 [Record No. 3].[1]  The plaintiff also filed an "Application to Proceed Without Prepayment of Fees" [Record No. 2].  The motion to proceed *in forma pauperis* will be addressed by separate Order.

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

---

[1] The plaintiff has identified his claims as falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Clerk has classified the complaint as a *Bivens* action.  Because the claims are being asserted against a *state* county entity, not a person who has acted under color of federal law, the Clerk will be instructed to reclassify this action as falling under 42 U.S.C. §1983.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff, who is in federal custody at USP-McCreary, has alleged only minimal information regarding his claims.[2] The plaintiff's first complaint appears to be that while he was being held in federal custody, unidentified officials in Martin County seized $500.00 in bond money which had apparently been paid into state court (presumably Martin District Court) on his behalf. The plaintiff's only explanation of his state court charges is a one-line entry which appears beneath his signature in the handwritten supplement to his pre-printed complaint form. The entry reads: "D.U.I. Charge 1-15-02, Case # 02-T-00042."

The plaintiff alleges that unidentified state officials tried him *in absentia*, knowing that he was in federal custody. He claims that these officials improperly seized, and/or caused to be forfeited, his $500.00 in state court bond money. He claims that this action violated his rights under various provisions of the United States Constitution. The plaintiff's claim appears to be that state officials deprived him of personal property; to wit, $500.00 in bond money.

The plaintiff asserted two other claims. First, he complained that his court-appointed

---

[2] The complaint was fraught with spelling errors, which caused the Court to expend additional effort in ascertaining the nature of the plaintiff's claims.

lawyer "did not repsent {sic} my views as the client by entering a ple {sic} of gulinty {sic}." [Pre-printed complaint form, p. 5] Second, he stated that he wanted the "last part of my relief reversed, and all records cleared." [*Id*., p. 6]

### NAMED DEFENDANT

The plaintiff has named only one defendant, which he identifies as "Martin County, Kentucky." The plaintiff did, however, assert a construed claim against his unidentified court-appointed lawyer in his state court proceeding.

### RELIEF REQUESTED

Plaintiff seeks damages in the amount of $500.00; five years of interest; and punitive damages of $5,000,000.00 to compensate him for emotional distress. It further appears that the plaintiff may be attempting to challenge his state court conviction.[3]

### DISCUSSION
#### 1. Fourteenth Amendment Property Claim

At the present time, the plaintiff has failed to state a claim for lost property (the $500.00 in bond money) under the Fourteenth Amendment. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that *state* post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33, 104 S.Ct. 3194, 82 L. Ed.2d 393 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995).

The plaintiff has not alleged that the post-deprivation remedies available through the *state* courts of Kentucky are inadequate. *See Hudson*, 468 U.S. at 531-33; *Copeland*, 57 F.3d at 479; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993); *McNeair v. Snyder*, 7 Fed. Appx. 317,

---

[3] Again, the content of the complaint is difficult to interpret, and the Court has been required to broadly construe the complaint.

3

319, 2001 WL 133132 (6th Cir. Feb. 5, 2001) (unpublished order).

As Kentucky state law provides the plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized negligent or intentional deprivation of the plaintiff's $500.00 in bond money does not amount to a violation of due process.  *See Zinermon v. Burch*, 494 U.S. 113, 136-39, 110 S.Ct. 975, (1990); *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, (1981), *overruled on other grounds* by *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, (1986); *Copeland v. Machulis*, 57 F.3d at 479; *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (Not selected for publication in the Federal Reporter), 2004 WL 232148 (6th Cir.(Ky.) Feb 03, 2004).  Accordingly, this claim is dismissed without prejudice to the plaintiff exhausting his claims within state courts of Kentucky.

## 2. Emotional Distress Claims

The plaintiff's demand for damages resulting from emotional distress must be dismissed for failure to state a claim.  Plaintiff broadly alleges that because of either the seizure of his $500.00 in bond money or the imposition of his state court sentence (the Court is not sure which), he has suffered emotional distress and is entitled to $5 million in damages.

Such a claim is not actionable because, under the Prisoner Litigation Reform Act, an inmate may not bring a civil action for emotional or mental damages without a prior showing of a physical injury.  42 U.S.C. §1997e(e); *Mitchell v. Horn*, 318 F.3d 523 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury as a result of conditions of confinement was required to show a prior physical injury which is more than a *de minimis*, but less than a significant injury); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001).  The plaintiff has not alleged that his emotional distress was the result of any form of physical injury or contact at the hands of the named

defendant, or any other person. His claims of emotional distress are not compensable. That claim will be dismissed with prejudice.

### 3. Claims Against Public Defender

Although the plaintiff has not listed his unidentified state court public defender as a named defendant in his complaint, he has asserted a construed claim against that person. To prevail on a §1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999) (quoting *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989)).

The law is settled that public defenders are not state actors against whom claims can be asserted under §1983. *See Polk v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). This construed claim will be dismissed as frivolous.

### 4. Construed §2254 Habeas Claim

The plaintiff alleges that he wants "the last part of my relief reversed." Again, while not entirely clear, it appears that the plaintiff may be attempting to collaterally challenge his state court conviction for DUI through the mechanism of this §1983 civil rights complaint. As such, the Court broadly construes the instant "complaint," in part, as a petition seeking habeas corpus relief under either U.S.C. §2254 or 28 U.S.C. §2241.

5

Under either statute, the plaintiff was required to have exhausted his state court remedies. *See Urbina v. Thoms,* 270 F.3d 292, 295 n.1 (6th Cir.2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. §2241); 28 U.S.C. §2254(b)(1)(A).  Plaintiff Meeks offers no documentary evidence that he has challenged his state court conviction  in the state courts of Kentucky and that he has litigated that challenge through the state's appellate courts.[4]

The Kentucky Supreme Court has held that "ordinarily the [state] writ [of habeas corpus] will not be granted where there is another adequate remedy."  *Commonwealth v. Marcum,* 873 S.W.2d 207, 210 (Ky.1994); *see also  Seaton v. Kentucky*, 92 Fed. Appx. 174, 175 (6th Cir. (Ky.) February 3, 2004) (Not selected for publication in the Federal Reporter), in which the prisoner complained that the Kentucky Parole Board erred in denying him parole.  The Sixth Circuit concluded that because Seaton had never challenged the Parole Board's decision by filing a mandamus action in the state courts, his habeas petition was properly dismissed for failure to exhaust state court remedies.  " If such a remedy may be available, exhaustion is not deemed to be complete.  *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir.1991)."  *Seaton v. Kentucky*, 92 Fed. Appx. at 175.  The plaintiff's construed habeas corpus claims  will be dismissed without

---

[4] A similar analysis existed in *Collins v. Million*, 121 Fed. Appx. 628 (6th Cir. (Ky.) January 31, 2005) (Not selected for publication in the Federal Reporter).  Prisoner Collins challenged the validity of a 15-year sentence resulting from the consecutive running of two 7 1/2-year sentences.  He did not specify in his habeas petition the federal statute under which he sought relief.  This Court construed his petition as one properly brought under 28 U.S.C. §2254.  Collins argued that his challenge was to the execution of his sentence, and was therefore properly brought under 28 U.S.C. §2241.  The Sixth Circuit declined to decide this question because it determined that under either of these statutes, Collins was first required to have exhausted his state court remedies.  *Id*. at 630.

prejudice to his [5] exhaustion of those claims in state court.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk will be instructed to reclassify this action as falling under 42 U.S.C. §1983.

(2) The plaintiff's construed habeas corpus claim under 28 U.S.C. §2254 is **DISMISSED WITHOUT PREJUDICE**.

(3) The plaintiff's claim under 42 U.S.C. §1983, relating to the seizure of his $500.00 in state court bond money, is **DISMISSED WITHOUT PREJUDICE**.

(4) The plaintiff's construed claims against his public defender, under 42 U.S.C. §1983, are **DISMISSED WITH PREJUDICE**.

(5) The plaintiff's claims for damages for emotional distress, under 42 U.S.C. §1983, are **DISMISSED WITH PREJUDICE**.

(6) Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendant.

---

[5] A similar analysis existed in *Collins v. Million*, 121 Fed. Appx. 628 (6th Cir. (Ky.) January 31, 2005) (Not selected for publication in the Federal Reporter). Prisoner Collins challenged the validity of a 15-year sentence resulting from the consecutive running of two 7 1/2-year sentences. He did not specify in his habeas petition the federal statute under which he sought relief. This Court construed his petition as one properly brought under 28 U.S.C. §2254. Collins argued that his challenge was to the execution of his sentence, and was therefore properly brought under 28 U.S.C. §2241. The Sixth Circuit declined to decide this question because it determined that under either of these statutes, Collins was first required to have exhausted his state court remedies. *Id*. at 630.

This 16th day of October, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge